LAVERNE DAVIDSON v. WINSTON-SALEM/FORSYTH COUNTY BOARD OF
    EDUCATION, AND CHAIRMAN TOM C. WOMBLE; MARVIN S.
    CALLOWAY, JR.; ROBERT J. CHILDRESS; GARLENE GROGAN;
    WILLIAM F. SHEPPARD; DAVEY B. STALLINGS; JOHN W. WOOD; AND
    NANCY L. WOOTEN; IN THEIR OFFICIAL CAPACITY AS MEMBERS OF THE WINSTON-
    SALEM/FORSYTH COUNTY BOARD OF EDUCATION

No. 8221SC591

(Filed 7 June 1983)

Schools § 13.2— dismissal of career teacher proper

There was substantial evidence to support the judgment of the trial judge
and an order of a local board of education which dismissed petitioner from her
position as a career teacher. Further, the statutes, school board policies, and
administrative regulations promulgated by the superintendent were complied
with and the constitutional rights of the petitioner were adequately protected.

APPEAL by petitioner from *Martin, Judge.* Judgment entered
3 May 1982 in Superior Court, FORSYTH County. Heard in the
Court of Appeals 9 May 1983.

The petitioner appeals from dismissal from her position as a
career teacher with the respondent for inadequate performance
and neglect of duty.

She was first employed by the respondent as a probationary
teacher in August, 1975 and was assigned to Walkertown Elemen-
tary School. After teaching there for two years and receiving
satisfactory evaluations, the petitioner was transferred to Clem-
mons Elementary School and assigned to teach first grade.

About 20 October 1977, Frank Morgan, the principal at Clem-
mons, received a complaint from the parent of a child in the peti-
tioner's class about the child's progress in reading. Morgan asked
the reading coordinator at Clemmons to investigate the com-
plaint. After that investigation, Morgan and the coordinator con-
cluded that the complaint was valid.

Morgan asked a "helping teacher" to assist the petitioner
after discussing his concerns about the problem with the peti-
tioner. That helper visited the petitioner five times to help her
improve.

On 26 January 1978, Morgan rated the petitioner's perform-
ance as inadequate in an evaluation and discussed the reasons

for his ratings with her. He notified her that he was placing her on "conditional status" in accordance with an administrative regulation of the respondent system.

Two elementary supervisors, who were assigned to assist the petitioner, developed a written plan of assistance in cooperation with her on 8 February 1978. This plan included visits to the petitioner's class, after which the supervisors discussed the petitioner's teaching and offered suggestions on how to improve performance.

In a final evaluation for the 1977-78 school year that Morgan completed on 31 March 1978, he rated her performance in certain areas as unsatisfactory. Morgan recommended to the superintendent that the petitioner's contract not be renewed.

After considering a written recommendation from Superintendent Dr. James A. Adams, the petitioner's written response, and oral arguments from both sides, the respondent Board voted four to four on a motion to uphold the Superintendent's written recommendation not to renew the petitioner's contract.

The Superintendent then notified the petitioner in a 19 May 1978 letter that she had obtained career status by operation of law. He informed her that she was being transferred to another school to work in a new environment and to be evaluated by another principal. The letter also stated that "You shall remain on the list of teachers needing assistance under conditional status for a period of at least one year."

The petitioner was assigned to South Fork Elementary School for the 1978-79 school year. South Fork principal Nancy Braswell was aware of the facts delineated above. After observing the petitioner's classroom performance on three occasions and giving her written suggestions on how to improve, Braswell requested assistance from an assistant superintendent to help the petitioner improve her performance.

Following observations of the petitioner's teaching by two elementary supervisors and Braswell, the principal rated the petitioner's performance unsatisfactory in some areas. A formal plan of assistance was developed and followed in the 1979 spring

semester but Braswell's final evaluation of 22 May 1979 recommended to the superintendent that the petitioner be dismissed.

After Superintendent Adams notified the petitioner of his intent to recommend her dismissal on 20 July 1979, the petitioner requested and was granted review by a panel of the Professional Review Committee. After the hearing, the panel unanimously found that the grounds for dismissal were substantially supported by the evidence submitted.

On 12 September 1979, the Superintendent recommended to the respondent Board that the petitioner be dismissed. The Board met four times to hear evidence and then found that the grounds and reasons for the Superintendent's recommendation were true. It ordered that the petitioner be dismissed effective 30 October 1979.

The petitioner filed a petition for judicial review of the respondents' termination in the Superior Court of Forsyth County on 29 November 1979. The respondents filed a response on 18 December 1979.

After hearing oral arguments and briefs from both parties and consideration of the exhibits and record, the trial judge entered a judgment on 3 May 1982 affirming the respondent Board's dismissal. From that judgment, the petitioner appeals.

*David B. Hough for the petitioner-appellant.*

*Douglas S. Punger for the respondent-appellees.*

EAGLES, Judge.

The petitioner was dismissed by the respondent on 30 October 1979 and filed a petition for judicial review on 18 November 1979. G.S. ch. 115 was the public school law in effect on those dates. That chapter was repealed effective 1 July 1981. *See* 1981 N.C. Sess. Laws ch. 423 § 1.

G.S. ch. 115C was the public school chapter when this case was decided by the trial judge. Although two different chapters were the law during this case, our decision is the same under either one because of the substantial similarity in their provisions.

School Board Policy 4118, which was adopted by the respondent Board in compliance with G.S. 115-142 and which was in effect when the petitioner was dismissed, provided that teachers would be evaluated in accordance with administrative regulations promulgated by the Superintendent.

Two regulations promulgated by the Superintendent that are relevant here were AR4117: "Evaluation of Certificated Personnel" and AR4117.1: "Evaluation of Professional Personnel." AR4117 defined conditional status as "simply a warning to a career teacher that his or her performance is inadequate and that if it does not substantially improve, the teacher will be recommended for dismissal or demotion."

The petitioner's primary argument on this appeal is that Superintendent Adams placed her on conditional status when the regulations allocate that duty to the principal. We disagree.

The evidence shows that Clemmons Elementary Principal Morgan placed the petitioner on conditional status in a 26 January 1978 letter to Assistant Superintendent Howard L. Sosne. That letter and the procedure followed by Morgan were in accordance with AR4117.

The petitioner incorrectly asserts that Superintendent Adams placed her on conditional status in violation of the regulations. In a 19 May 1978 letter to the petitioner informing her that the tie vote of the Board meant that she had career status, Adams stated: "You shall *remain* on the list of teachers needing assistance under conditional status for a period of at least one year." (Emphasis added.)

Even if Adams placed the petitioner on conditional status as he said on cross-examination, such power may be implied from the statutory grant of authority to superintendents to dismiss or demote career teachers in G.S. 115-142(h)(1) and G.S. 115C-325(h)(1).

The standard of review on appeal in this case is G.S. 150A-51. The Supreme Court in *Overton v. Bd. of Education*, 304 N.C. 312, 317, 283 S.E. 2d 495, 498 (1981), stated that standard: "[T]he issue presented by this appeal is whether the decision of the Board dismissing plaintiff is unsupported by substantial evidence in view of the whole record. . . ." Under this whole record test, the

court "may not consider the evidence which in and of itself justifies the Board's result, without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn." *Thompson v. Bd. of Education*, 292 N.C. 406, 410, 233 S.E. 2d 538, 541 (1977).

After a careful examination of the record, transcript, exhibits, briefs and arguments of counsel, we conclude that there is substantial evidence to support the judgment of the trial judge and order of the respondent Board which dismissed the petitioner from her position as a career teacher. The statutes, school board policies, and administrative regulations promulgated by the Superintendent were complied with and the constitutional rights of the petitioner were adequately protected. As a result, we affirm the judgment below.

Affirmed.

Chief Judge VAUGHN and Judge HEDRICK concur.